IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br>c/o Weil, Gotshal & Manges LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTONY BLINKEN,<br>Secretary of State of the United States,<br>Serve: Executive Office of the Office of the Legal Adviser<br>U.S. Department of State<br>600 19th Street NW, Suite 5.600<br>Washington DC 20522,<br><br>　and<br><br>ALEJANDRO MAYORKAS,<br>Secretary of Homeland Security,<br>Serve: Office of the General Counsel<br>U.S. Department of Homeland Security<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485,<br><br>　and<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>Serve: Office of the General Counsel<br>U.S. Department of Homeland Security<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485,<br><br>　and<br><br>UNITED STATES DEPARTMENT OF | Civil Action No.:<br><br>**UNDER SEAL** |

STATE,
Serve: Executive Office of the Office of the
Legal Adviser
U.S. Department of State
600 19th Street NW, Suite 5.600
Washington DC 20522,

                              Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM, TO FILE A DECLARATION UNDER SEAL, AND TO OMIT HIS HOME ADDRESS FROM THE CASE CAPTION**

Plaintiff respectfully moves the Court for leave to proceed under the pseudonym John Doe, to file a declaration under seal, and to omit his home address from the caption.  *See* LCvR 40.7(f).

**BACKGROUND**

Plaintiff John Doe is a citizen of Afghanistan who fled that country in fear for his life in 2015 after providing valuable service as a translator and interpreter for the United States Army and the United States Marine Corps (the "U.S. Armed Forces") between 2008 and 2010.  He was known as a dedicated and reliable colleague, earning praise for his bravery, commitment, and linguistic and cultural aptitude.  Because of his dedicated service to the U.S. Armed Forces, John Doe is a target of the Taliban, and his family has experienced threats and violence.  One family member was even tortured and then killed for information about John Doe's identity and location.

John Doe first applied for a Special Immigrant Visa ("SIV") in 2010, and the U.S. government informed him that his document submission process was complete in 2017.  He completed the required interviews and medical examinations in 2019.  Nearly thirteen years since his original application, he continues to wait for a decision.  If the U.S. Consulate grants his

2

application, John Doe, his wife, and their four children all could immigrate to the United States. *See* Ex. A, Decl. of John Doe dated October 4, 2023 ("Decl.") ¶¶ 1-7. John Doe is filing this action to compel the government to adjudicate his petition and put an end to its unreasonable delay.

The relief John Doe seeks is a matter of life and death for himself and his family, including his four young children, who escaped Afghanistan and now live in limbo in The Netherlands as refugees, disconnected from their extended family and with constant fear and apprehension about their safety and future immigration status. John Doe and his family have 5-year resident permits, which expire on September 26, 2024. If their permits are canceled, John Doe and his family could be subject to deportation to Afghanistan, where John Doe would face certain harm at the hands of the Taliban due to his work for the U.S. Armed Forces. *See* Decl. ¶¶ 10-11. Indeed, in 2008, a close relative of John Doe's was captured and tortured by the Taliban for three days. Before the relative was brutally murdered by the Taliban, the relative, during the course of the torture, revealed John Doe's location and identity as an interpreter for the United States. And before John Doe fled Afghanistan, he and his family received threats by phone and at their door from the Taliban. *Id.* ¶ 4. John Doe has a genuine belief, based on the current situation in Afghanistan and his interactions with fellow Afghan refugees, that if he is forced to return to Afghanistan, threats on his life will continue. *Id.* ¶¶ 6-12.

Accordingly, John Doe seeks to proceed under a pseudonym, to file his declaration under seal, and to omit his home address from the caption.

## **LEGAL STANDARD**

Although parties to litigation generally must publicly disclose their identities, *see* Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1); LCvR 11.1, a court may permit a party to proceed under a pseudonym after "balanc[ing] the litigant's legitimate interest in anonymity against countervailing

interests in full disclosure." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019); *see also M.M.V. v. Barr*, No. 19-cv-2773, 2019 WL 10890338, at *2 (D.D.C. Sept. 26, 2019); *Las Americas Immigr. Advoc. Ctr. v. Wolf*, No. 19-cv-3640 (KBJ), 2020 WL 7319297, at *2 (D.D.C. July 8, 2020); LCvR 40.7(f) (contemplating motion to file under pseudonym and to seal address). Courts consider five factors as "guideposts" in conducting this analysis: (1) the moving party's justification for seeking anonymity and the privacy interests at stake; (2) the risk that identification will lead to "retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties"; (3) the moving party's age; (4) whether the action is against the government or a private party; and (5) any "risk of unfairness to the opposing party." *In re Sealed Case*, 931 F.3d at 97. The first three factors relate to the moving party's interest in anonymity, while the last two factors implicate the countervailing interests in disclosure. A court need not separately analyze all five factors "as long as it has considered the factors relevant to the case before it." *Id.*

## ARGUMENT

Courts in this District routinely allow plaintiffs to proceed anonymously where, as here, the plaintiff is an Afghan or Iraqi SIV applicant facing threats because of their work with the U.S. government. *See, e.g.*, Memorandum & Order, at 1, *Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Service to the U.S. v. Pompeo*, No. 1:18-cv-01388-TSC (D.D.C. June 12, 2018), ECF No. 7 [hereinafter *Afghan Allies* Pseudonym Order] (permitting Afghan and Iraqi SIV applicants to proceed under pseudonyms and to file under seal subject to any further consideration by the assigned district judge); *Doe v. U.S. Dep't of State*, No. 15-cv-01971 (RWR), 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (permitting Iraqi SIV applicant to file complaint and related filings under pseudonym); Order, at 3, *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, No. 15-cv-00300-GK (D.D.C. Feb. 27,

2015), ECF No. 2 [hereinafter *Nine Iraqi Allies* Pseudonym Order] (permitting Iraqi SIV applicants to file complaint under pseudonyms).[1]

Here, all five factors relevant to this Court's analysis favor granting John Doe's motion to proceed under a pseudonym.

*First*, John Doe's justification for seeking anonymity is not to "avoid the annoyance and criticism that may attend any litigation," but rather to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. His desire to remain anonymous is rooted in concern for his own safety and the safety of his family and friends. *See* Decl. ¶¶ 4-12. Absent anonymity, this lawsuit will identify John Due by name and reveal sensitive details regarding the nature and extent of his work with the United States and his current whereabouts. *See id.* ¶¶ 11-12; *cf. Doe*, 2015 WL 9647660, at *3 ("[I]n order to challenge the defendants' failure to adjudicate his special visa, Doe is presenting highly sensitive facts posing grave safety risks, including the nature, scope, and length of his employment with the U.S. government."); *Afghan Allies* Pseudonym Order, at 5-6 (plaintiffs' desire to "preserve their safety—and the safety of their families—from the Taliban . . . and other militant groups" weighed in favor of anonymity).

*Second*, revealing John Doe's identity would create a serious "risk of retaliatory physical or mental harm" not only to John Doe himself, but also to "innocent non-parties," including his wife and young children. *See In re Sealed Case*, 931 F.3d at 97. The Taliban has made the

---

[1] Similarly, courts often allow plaintiffs to proceed anonymously in asylum cases, which also involve targeted threats and the potential for retaliation against plaintiffs and their loved ones. *See, e.g.*, *Las Americas*, 2020 WL 7319297, at *1, *3-4 (permitting asylum applicants to proceed under pseudonyms and to file supporting exhibits under seal); *M.M.V.*, 2019 WL 10890338, at *2-3 (permitting mothers and children seeking humanitarian protection to proceed under pseudonyms and file a supporting declaration under seal, subject to any further consideration by the assigned district judge); *O.A. v. Trump*, No. 1:18-cv-02718, 2018 WL 11249801, at *3-4 (D.D.C. Nov. 20, 2018) (permitting asylum seekers to proceed under pseudonyms subject to any further consideration by the assigned district judge and sealing the motion and supporting exhibits).

persecution of interpreters known, and Afghans who served the U.S. Armed Forces have never been more vulnerable" to execution by the Taliban.  Indeed, the nonprofit organization No One Left Behind reports that 300 Afghan interpreters and their family members have been killed since 2001 because of their work for the U.S. Armed Forces.[2]  And gruesome stories about the fates of former interpreters abound.  For example, on May 12, 2021, the Taliban stopped a former translator at a traffic checkpoint and beheaded him.[3]  Consistent with these well-documented threats and grave risks of harm, courts in this District have recognized the risk of such retaliatory harms in allowing Afghan and Iraqi plaintiffs suing the U.S. government to proceed anonymously under similar circumstances.  *See, e.g.*, *Afghan Allies* Pseudonym Order, at 5 (acknowledging the "mortal danger" that plaintiffs and their families would face if plaintiffs were publicly identified); *Doe*, 2015 WL 9647660, at *3 (noting that plaintiff's life would be "in [even] greater danger if his JOHN DOE [were] publicly connected to a complaint revealing his help with U.S.-led efforts in Iraq"); *Nine Iraqi Allies* Pseudonym Order, at 2 (crediting plaintiffs' assertion of "a real and serious threat [that] forces hostile to the United States . . . would be better able to locate and likely kill plaintiffs and their family members should Plaintiffs' past service become widely known").

*Third*, those affected would include John Doe's four young children, which further weighs in favor of granting his request to proceed under a pseudonym.  Courts are "particularly inclined to be protective when the interests of minors are involved."  *Doe*, 2015 WL 9647660, at *3 (recognizing that concealing plaintiff's identity would "protect his wife and minor child from the

---

[2] "An Afghan Interpreter Who Helped the U.S. Military Is Now a Target for the Taliban," NPR (Aug. 16, 2021), https://www.npr.org/2021/08/16/1028016074/an-afghan-interpreter-for-the-u-s-army-is-trying-to-get-out-of-afghanistan.
[3] *See* "Afghan Interpreter for US Army Was Beheaded," CNN (July 23, 2021), https://www.cnn.com/2021/07/22/asia/afghanistan-interpreters-taliban-reprisals-intl-hnk/index.html.

anti-U.S. insurgents"); *see also Nine Iraqi Allies* Pseudonym Order, at 2 (emphasizing that disclosing plaintiffs' identities would put their minor children at risk).

*Fourth*, in contrast with John Doe's strong interest in anonymity, the "countervailing interests in full disclosure" are minimal. *See In re Sealed Case*, 931 F.3d at 96. Because "the only defendants are government agencies and officers," withholding John Doe's identity will not impact any private rights. *See Kiakombua v. McAleenan*, No. 19-cv-1872 (KBJ), 2019 WL 11322784, at *3 (D.D.C. July 3, 2019). For this reason, courts typically are more inclined to allow plaintiffs to proceed anonymously against the government than against private parties. *See, e.g.*, *Afghan Allies* Pseudonym Order, at 6; *see also Las Americas*, 2020 WL 7319297, at *3 (allowing plaintiffs to proceed pseudonymously and file exhibits under seal would not prejudice government defendants).

*Finally*, there is no risk of unfairness to Defendants in allowing John Doe to proceed anonymously in the public record. John Doe does not seek to shield his identity from the Court or Defendants. His declaration, which he seeks to file under seal, contains his true name and current address. John Doe's identity is already known to Defendants in connection with his past service to the U.S. Armed Forces and prior SIV application. Therefore, Defendants' ability to defend this action will not be compromised in any way by granting John Doe the relief sought. *Cf. Afghan Allies* Pseudonym Order, at 7 (directing plaintiffs to file each plaintiff's true name and address under seal); *M.M.V.*, 2019 WL 10890338, at *3 (identifying little risk of unfairness given that plaintiffs' identities were known to defendants); *Kiakombua*, 2019 WL 11322784, at *3 (same).

## CONCLUSION

The relevant factors demonstrate that John Doe's need to shield his identity significantly outweighs any minimal interests in disclosure and does not prejudice Defendants. Accordingly, John Doe respectfully requests that the Court grant him leave to proceed under a pseudonym, to


anti-U.S. insurgents"); *see also Nine Iraqi Allies* Pseudonym Order, at 2 (emphasizing that disclosing plaintiffs' identities would put their minor children at risk).

*Fourth*, in contrast with John Doe's strong interest in anonymity, the "countervailing interests in full disclosure" are minimal. *See In re Sealed Case*, 931 F.3d at 96. Because "the only defendants are government agencies and officers," withholding John Doe's identity will not impact any private rights. *See Kiakombua v. McAleenan*, No. 19-cv-1872 (KBJ), 2019 WL 11322784, at *3 (D.D.C. July 3, 2019). For this reason, courts typically are more inclined to allow plaintiffs to proceed anonymously against the government than against private parties. *See, e.g.*, *Afghan Allies* Pseudonym Order, at 6; *see also Las Americas*, 2020 WL 7319297, at *3 (allowing plaintiffs to proceed pseudonymously and file exhibits under seal would not prejudice government defendants).

*Finally*, there is no risk of unfairness to Defendants in allowing John Doe to proceed anonymously in the public record. John Doe does not seek to shield his identity from the Court or Defendants. His declaration, which he seeks to file under seal, contains his true name and current address. John Doe's identity is already known to Defendants in connection with his past service to the U.S. Armed Forces and prior SIV application. Therefore, Defendants' ability to defend this action will not be compromised in any way by granting John Doe the relief sought. *Cf. Afghan Allies* Pseudonym Order, at 7 (directing plaintiffs to file each plaintiff's true name and address under seal); *M.M.V.*, 2019 WL 10890338, at *3 (identifying little risk of unfairness given that plaintiffs' identities were known to defendants); *Kiakombua*, 2019 WL 11322784, at *3 (same).

## CONCLUSION

The relevant factors demonstrate that John Doe's need to shield his identity significantly outweighs any minimal interests in disclosure and does not prejudice Defendants. Accordingly, John Doe respectfully requests that the Court grant him leave to proceed under a pseudonym, to

file his declaration under seal, and to withhold his home address from the caption, subject to any further consideration by the U.S. District Judge to whom this case is assigned.

Dated: October 10, 2023                                            Respectfully submitted,


                                                                    */s/ Megan A. Granger*
                                                                    Megan A. Granger (D.C. Bar No. 1010391)
                                                                    WEIL, GOTSHAL & MANGES LLP
                                                                    2001 M Street, NW, Suite 600
                                                                    Washington, DC 20036
                                                                    Telephone: +1.202.682.7000
                                                                    megan.granger@weil.com

                                                                    *Attorneys for Plaintiff*